UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN, CDCR #AV-4808, Plaintiff, v. R.J. DONOVAN; SAN DIEGO COUNTY JAIL, Defendants. | Case No.: 3:20-cv-00471-JAH-LL **ORDER DISMISSING CIVIL ACTION FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) OR FILE A MOTION TO PROCEED IN FORMA PAUPERIS** |

Shawn Albin ("Plaintiff"), currently incarcerated at California Health Care Facility, Stockton ("CHCF-Stockton"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. Section 1983 seeking to sue the Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California and San Diego County Jail. (*See* Compl., ECF No. 1, at 2-3.) Although the Complaint includes no factual allegations, Plaintiff states that he is seeking to hold Defendants liable for retaliation and for violating Plaintiff's right to medical care. (*See id.*)

**I.    Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a); and

(2)   **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to:  (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: May 4, 2020

Hon. John A. Houston
United States District Judge