UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN,<br>CDCR #AV-4808, aka CHRISTOPHER LEE JENKINS, CDCR #P-73828<br><br>                                        Plaintiff,<br><br>                v.<br><br>R.J. DONOVAN; SAN DIEGO COUNTY JAIL,<br><br>                                        Defendants. | Case No.:  3:20-cv-00471-JAH-LL<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF No. 3)** |

Shawn Albin ("Plaintiff"), currently incarcerated at California Health Care Facility, Stockton ("CHCF-Stockton"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. Section 1983 seeking to sue the Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California and San Diego County Jail. (*See* Compl., ECF No. 1, at 2-3.)  Although the Complaint includes no factual allegations, Plaintiff states that he is seeking to hold Defendants liable for retaliation and for violating Plaintiff's right to medical care. (*See id.*)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. Section 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 3.)

I.     **Motion to Proceed IFP**

   A.     **Standard of Review**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . ."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B.   Discussion**

Plaintiff's Complaint does not contain "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  Indeed, and as mentioned previously, Plaintiff's Complaint contains no factual allegations whatsoever, let alone plausible allegations of any danger of physical injury at the time of filing.  (*See* Compl. at 3-5.)

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *See Andrews*, 398 F.3d at 1119-20.  That is the case here.

In these proceedings, Plaintiff has consistently identified himself as Shawn Albin, CDCR #AV-4808.  (*See generally* Compl.)  In considering a Plaintiff's application to

proceed IFP, however, the Court may take judicial notice of its own docket, as well as the dockets of other federal courts, and from those records determine whether a prisoner is eligible to proceed IFP. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). The Court takes judicial notice that Plaintiff, Shawn Albin, currently identified as CDCR #AV-4808, has also previously been known as Christopher Jenkins and identified as CDCR #P-73828. *See Albin v. San Diego Cnty. Sheriff Med. Dir.*, No. 3:14-cv-02901-AJB-MDD (S.D. Cal. June 13, 2016), ECF No. 16, at 6 (taking judicial notice of the fact that Plaintiff Shawn Albin, CDCR #AV-4808, has previously been identified as Christopher Jenkins and CDCR #P-73828); *see also Jenkins v. Adams*, No. 3:01-cv-2378-W-NLS (S.D. Cal.), ECF No. 1, at 1 (identifying the habeas petitioner as "Shawn Maurice Albin, aka Christopher Lee Jenkins," CDCR #P-73828). Under the name Christopher Jenkins, CDCR #P-73828, Plaintiff has brought three prior civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

(1) *Jenkins v. Schwarzenegger*, No. 2:04-cv-02520-LKK-JFM (E.D. Cal. July 28, 2005), ECF No. 22 (findings and recommendation of dismissal of amended complaint for failure to state a claim pursuant to 28 U.S.C. Section 1915A(b)(1), (2)); *see also id.* at ECF No. 49 (Sept. 12, 2006) (adopting findings and recommendation) (strike one);

(2) *Jenkins v. Appeal Coordinator R.J. Donovan Facility*, No. 3:09-cv-00116-L-BLM (S.D. Cal. Aug. 10, 2010), ECF No. 41 (granting IFP and dismissing complaint for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b) and for failing to comply with court orders requiring amendment) (strike two);

(3) *Jenkins v. ICC Ad Seg Bld 6*, No. 3:12-cv-01526-IEG-BGS (S.D. Cal. July 17, 2012), ECF No. 3 (granting IFP and dismissing complaint for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b)); *see id.* at ECF No. 6 (denying motion for reconsideration of order of dismissal) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by Section 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.  Conclusion and Orders

For the reasons set forth above, the Court:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. Section 1915(g);

(2)  **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. Section 1915(a)(3); and

(3)  **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: June 10, 2020

Hon. John A. Houston
United States District Judge