UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN, CDCR #AV-4808, aka CHRISTOPHER LEE JENKINS, CDCR #P-73828<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>R.J. DONOVAN; SAN DIEGO COUNTY JAIL,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-00471-JAH-LL<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Shawn Albin ("Plaintiff"), currently incarcerated at California Health Care Facility, Stockton ("CHCF-Stockton"), and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. Section 1983 seeking to sue the Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California and San Diego County Jail.  (*See* Compl., ECF No. 1, at 2-3.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. Section 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP").  (ECF No. 3.)  The Court previously denied Plaintiff's Motion to Proceed IFP as barred by the three-strikes rule in 28 U.S.C. Section 1915(g), and entered judgment accordingly.  (*See* ECF No. 4, at

5; ECF No. 5.)  Plaintiff successfully appealed to the Ninth Circuit, which vacated the Court's prior Order and Judgment and remanded for further proceedings on the grounds that one of the three strikes the Court cited in dismissing his case was not a strike under the Ninth Circuit's decision in *Hoffman v. Pulido*, 928 F.3d 1147, 1151-52 (9th Cir. 2019).  (*See* ECF No. 10, at 1-2.)  Now, following remand, the Court reviews Plaintiff's Motion to Proceed IFP.

**I.      Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  Although the fee has since increased to $52, at the time Plaintiff filed his case the applicable administrative fee was $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019).  In any event, the additional administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

§ 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

As mentioned, Plaintiff has submitted a Motion to Proceed IFP. (*See generally* ECF No. 3.) Plaintiff has not, however, submitted "a certified copy of the trust account statement (or institutional equivalent) for [Plaintiff] for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" as required by 28 U.S.C. Section 1915(a)(2). The prison certificate attached to Plaintiff's Motion to Proceed IFP is not signed by an official at CHCF-Stockton either. (*See* ECF No. 3, at 4.) Without the certified trust account statements required by 28 U.S.C. Section 1915(a)(2), the Court cannot determine whether Plaintiff is entitled to proceed IFP or assess what, if any, initial partial filing fee may be due. *See* 28 U.S.C. § 1915(a), (b)(1). As a result, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

The Court notes in closing, as it did in its previous Order denying Plaintiff's Motion to Proceed IFP, that Plaintiff's Complaint includes no factual allegations whatsoever. (*See* ECF No. 4, at 1.) As a result, even if Plaintiff had submitted a properly supported Motion to Proceed IFP, his Complaint would still be subject to dismissal for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B) and 28 U.S.C. Section 1915A(b). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Federal Rule of Civil Procedure 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks

omitted)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). To avoid further dismissals and additional delays, the Court encourages Plaintiff to submit, along with a properly supported Motion to Proceed IFP, a Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and a proposed First Amended Complaint providing factual allegations supporting his claims against Defendants. *See* Fed. R. Civ. P. 15(a)(2) (stating that the Court should "freely give leave [to amend] when justice so requires"); S.D. Cal. Civ. L.R. 15.1.b ("Any motion to amend a pleading must be accompanied by . . . a copy of the proposed amended pleading . . . ."). If Plaintiff chooses to proceed in this manner, the Court notes that the proposed First Amended Complaint must be complete by itself without reference to his original pleading. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

## II.   Conclusion and Orders

For the reasons set forth above, the Court:

(1)   **DISMISSES** this action *sua sponte* without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a).

(2)   **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a properly supported Motion to Proceed IFP. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

(3)   **DIRECTS** the Clerk of the Court to provide Plaintiff with copies of the

Court's approved forms "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*" and "Complaint under the Civil Rights Act 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that if Plaintiff fails to either prepay the $400 civil filing fee or complete and submit a properly supported Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.

**IT IS SO ORDERED**.

Dated:     March 19, 2021

_____
Hon. John A. Houston
United States District Judge