UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN,<br>CDCR #AV-4808,<br><br>                               Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN, SAN DIEGO JAIL,<br><br>                              Defendants. | Case No.  3:20-cv-00471-JAH-MSB<br><br>**ORDER DENYING MOTION TO VACATE [ECF No. 25] and MOTION FOR EXTENTION OF TIME [ECF No. 26] AS MOOT** |

### I.  Introduction

On March 12, 2020, Shawn Albin ("Plaintiff" or "Albin"), who is proceeding pro se, was incarcerated at R.J. Donovan State Prison and filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. ECF No. 1. Albin did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), nor did he file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court dismissed the action on May 5, 2020, because Albin had failed to either pay the $400.00 civil filing fee or file an IFP motion. ECF No. 2. Albin was given forty-five (45) days to either pay the filing fee or submit a properly supported IFP motion. *Id.*

On June 29, 2020, Albin filed an IFP motion. ECF No. 3. The Court denied the IFP motion pursuant to 28 U.S.C. § 1915(g) because three of Albin's prior § 1983 cases were

dismissed for being frivolous, malicious, or failing to state a claim, the "three strikes" rule. ECF No. 4. The case was dismissed. *Id.*

On July 27, 2020, Albin appealed the dismissal to the Ninth Circuit Court of Appeals, which concluded that one of the cases this Court relied on to dismiss the case under § 1915(g) was not a strike. ECF Nos. 6–13. The case was remanded to this Court for further proceedings. ECF No. 13.

In its March 19, 2021, the Court explained to Albin that he had not included a certified copy of his trust account statement in support of his IFP motion, which is required by 28 U.S.C. § 1915(a)(2). ECF No. 14. As a result, the Court could not proceed until Albin either paid the civil filing fee or qualified to proceed in forma pauperis. *Id.* In addition, the Court noted that Albin's Complaint contained no factual allegations and was therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failing to state a claim. *Id.* at 3-5. The Court gave Albin forty-five (45) days to either pay the fee or submit a properly supported IFP motion. *Id.* Albin was granted two extensions of time to comply with the Court's March 19, 2021 Order. ECF Nos. 15, 18. In its August 12, 2021 Order extending time, the Court directed Albin to pay the civil filing fee and a Motion for Leave to File an Amended Complaint together with a proposed First Amended Complaint by October 15, 2021. ECF No. 18 at 4.

Albin did not comply with the Court's August 12, 2021 Order and on November 18, 2021, the Court dismissed the action for failing to prosecute and entered judgment. ECF Nos. 19–20. On December 1, 2021, Albin filed a document entitled "Motion for Extension of Time to File," which the Court construed as a motion for relief from judgement pursuant to Rule 60(b). ECF No 24. So construed, the Court granted Albin's motion for relief from judgment and gave him 45-days from date of the order within which to pay the civil filing fee or file an IFP motion. *Id.* On December 22, 2021, Albin filed a motion to vacate the Court's November 18, 2021 dismissal Order and a motion for extension of time. ECF Nos. 25–26.

/ / /

## II. Discussion

In the two motions he has most recently filed (ECF Nos. 25–26), Albin asks the Court to reconsider its November 18, 2021 dismissal order, and grant him an extension of time to file an IFP motion and an Amended Complaint. (*Id.*) The Court has already granted Albin the relief he seeks. In its January 18, 2022 Order, the Court construed the application for extension of time he filed on December 8, 2021 as a motion for relief from judgment, granted the motion, and granted him an extension of time to pay the filing fee and file an amended complaint. *See* ECF No. 24. Albin has until March 4, 2022, to comply with the Court's January 18, 2022 order.

## III. Conclusion and Order

Accordingly, the Court **DENIES** Albin's motion to vacate and his motion for an extension of time (ECF Nos. 25–26). Albin is reminded that any Amended Complaint must be complete by itself without reference to the original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Albin fails to comply with this Order, the Court will re-enter a final Order dismissing this civil action based on his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). No further extensions of time will be granted.

**IT IS SO ORDERED**.

Dated: March 1, 2022

_____
Hon. John A. Houston
United States District Judge