UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN, CDCR #AV-4808,<br><br>         Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN, SAN DIEGO COUNTY JAIL,<br><br>         Defendants. | Case No. 3:20-cv-00471-JAH-MSB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 29];**<br><br>**2) GRANTING FINAL EXTENSION OF TIME** |

### I. Introduction

On March 12, 2020, Shawn Albin ("Plaintiff" or "Albin"), who is proceeding pro se, was incarcerated at R.J. Donovan State Prison and filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. ECF No. 1. Albin did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), nor did he file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court dismissed the action on May 5, 2020, because Albin failed to either pay the civil filing fee or file an IFP motion. ECF No. 2. Albin was given forty-five (45) days to either pay the filing fee or submit a properly supported IFP motion. *Id.*

On June 29, 2020, Albin filed an IFP motion. ECF No. 3. The Court denied the IFP motion pursuant to 28 U.S.C. § 1915(g) because three of Albin's prior § 1983 cases were subject to the "three strikes rule" for being frivolous, malicious, or failing to state a claim. ECF No. 4. The case was dismissed. *Id.*

On July 27, 2020, Albin appealed the dismissal to the Ninth Circuit Court of Appeals, which concluded that one of the cases this Court relied on to dismiss the case under § 1915(g) was not a strike. ECF Nos. 6–13. The case was remanded to this Court for further proceedings. ECF No. 13.

On March 19, 2021, the Court issued an Order explaining to Albin that he had not included a certified copy of his trust account statement in support of his IFP motion, which is required by 28 U.S.C. § 1915(a)(2). ECF No. 14. As a result, the Court could not proceed until Albin either paid the civil filing fee or qualified to proceed in forma pauperis. *Id.* In addition, the Court noted that Albin's Complaint contained no factual allegations and was therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failing to state a claim. *Id.* at 3-5. The Court gave Albin forty-five (45) days to either pay the fee or submit a properly supported IFP motion. *Id.* Albin was granted two extensions of time to comply with the Court's March 19, 2021 Order. ECF Nos. 15, 18. In its August 12, 2021 Order extending time, the Court directed Albin to pay the civil filing fee and a Motion for Leave to File an Amended Complaint together with a proposed First Amended Complaint by October 15, 2021. ECF No. 18 at 4.

Albin did not comply with the Court's August 12, 2021 Order and on November 18, 2021, the Court dismissed the action for failing to prosecute and entered judgment. ECF Nos. 19–20.

On December 1, 2021, Albin filed a document entitled "Motion for Extension of Time to File." ECF No. 22. Albin stated he needed an extension of time to file an Amended Complaint because Covid-19 protocols and lack of staff at the institution where he is presently incarcerated, California Health Care Facility ("CHCF"), prevented him from being able to obtain his medical records and access the law library. *Id.* at 2–4. Then, on

December 22, 2021, Albin filed a Motion to Vacate the Court's November 18, 2021 dismissal Order and a Motion for Extension of Time. ECF Nos. 25–26. On January 18, 2022, the Court construed Albin's Motion for Extension of Time to File (ECF No. 22) as a Motion for Relief From Judgment pursuant to Rule 60(b), granted the motion, and gave Albin until March 4, 2022 to file an Amended Complaint and to satisfy the filing fee requirement by either paying the civil filing fee or filing a properly supported IFP motion. ECF No. 24. The Court denied Albin's Motion to Vacate and Motion for Extension of Time (ECF Nos. 25–26) as moot on March 1, 2022 because the Court had already granted Albin's motion for relief from judgment and gave him additional time to either pay the civil filing fee or submit a properly supported IFP motion. ECF No. 27.

Albin did not file an Amended Complaint by March 4, 2022. Instead, on April 4, 2022, Albin filed a document entitled "Motion Returning Documents/and for Access to the Courts" and an IFP motion. ECF Nos. 28–29.[1]

## II.   Motion to Proceed IFP (ECF No. 29)

As Albin has previously been advised, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated

---

[1] Albin titled the document "Motion Returning Documents" because he was inadvertently sent documents from a different case and seeks to return them to the Court. *See* ECF No. 28 at 1–2, 7–9.

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Albin has not submitted the required "certified copy of the trust account statement (or institutional equivalent)" as required by 28 U.S.C. Section 1915(a)(2), and without this information the Court cannot determine whether he is entitled to proceed IFP or assess what, if any, initial partial filing fee may be due. *See* 28 U.S.C. § 1915(a), (b)(1). Albin's case cannot proceed until he has either paid the $402 civil filing fee or qualified to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

### III.  Discussion

In his most recent filing, Albin again states he needs an extension of time to file an Amended Complaint because Covid-19 protocols and lack of staff at CHCF have prevented him from being able to obtain his medical records and access the law library. ECF No. 28 at 2–6. Construing these renewed allegations in the light most favorable to him, and acknowledging that physical restrictions have necessarily been imposed in prisons throughout the nation due to Covid-19, the Court finds good cause to grant Plaintiff a **final** extension of time in which to file an Amended Complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967) ("'[s]trict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines"). Albin is advised, however, that his Amended Complaint does not require him to access the law library, research case law, cite authority, engage in any legal analysis, or obtain medical records. Instead, he must simply allege <u>facts already known to him</u> that plausibly entitle

him to relief in light of the legal precedent already identified by the Court in its March 19, 2021 Order. ECF No. 14 at 3–4; *see Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint."); *id.* ("The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

IV.   **Conclusion and Order**

For the foregoing reasons, the Court:

1)   **DENIES** Albin's Motion to Proceed in Forma Pauperis (ECF No. 29);

2)   **GRANTS** Albin 60 days from the date of this Order within which to: a) pay the civil filing fee or file a properly supported IFP motion which includes "a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint"; and b) file an Amended Complaint. Albin's Amended Complaint must be complete by itself without reference to original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Albin fails to comply with this Order, the Court will re-enter a final Order dismissing this civil action based on his failure to prosecute in compliance with the Court's Order as detailed above. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court

///
///
///
///

may convert the dismissal of the complaint into dismissal of the entire action."). This is Plaintiff's final extension of time. **No further extensions of time will be granted.**

     **IT IS SO ORDERED**.

Dated: April 15, 2022

_____
Hon. John A. Houston
United States District Judge