UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALBIN, CDCR #AV-4808,<br><br>                          Plaintiff,<br>vs.<br><br>R.J. DONOVAN State Prison, SAN DIEGO COUNTY JAIL,<br><br>                         Defendants. | Case No.  3:20-cv-00471-JAH-MSB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

## I.  Introduction

On March 12, 2020, Shawn Albin ("Plaintiff" or "Albin"), who is proceeding pro se, was incarcerated at R.J. Donovan State Prison and filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. ECF No. 1. Albin did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), nor did he file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court dismissed the action on May 5, 2020, because Albin had failed to either pay the $400.00 civil filing fee or file an IFP motion. ECF No. 2. Albin was given forty-five (45) days to either pay the filing fee or submit a properly supported IFP motion. *Id.*

On June 29, 2020, Albin filed an IFP motion. ECF No. 3. The Court denied the IFP motion pursuant to 28 U.S.C. § 1915(g) because three of Albin's prior § 1983 cases were dismissed for being frivolous, malicious, or failing to state a claim, the "three strikes" rule. ECF No. 4. The case was dismissed. *Id.*

On July 27, 2020, Albin appealed the dismissal to the Ninth Circuit Court of Appeals, which concluded that one of the cases this Court relied on to dismiss the case under § 1915(g) was not a strike. ECF Nos. 6–13. The case was remanded to this Court for further proceedings. ECF No. 13.

On March 19, 2021, this Court dismissed this action for failing to either pay the civil filing fee or submit a properly supported IFP motion. ECF No. 14. The Court explained to Albin that he had not included a certified copy of his trust account statement in support of his IFP motion, which is required by 28 U.S.C. § 1915(a)(2). *Id.* As a result, the Court could not proceed until Albin either paid the civil filing fee or qualified to proceed in forma pauperis. *Id.* In addition, the Court noted that Albin's Complaint contained no factual allegations and was therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failing to state a claim. *Id.* at 3-5. The Court gave Albin forty-five (45) days to either pay the fee or submit a properly supported IFP motion. *Id.* Albin was granted two extensions of time to comply with the Court's March 19, 2021 Order. ECF Nos. 15, 18. In its August 12, 2021 Order extending time, the Court directed Albin to pay the civil filing fee and a Motion for Leave to File an Amended Complaint together with a proposed First Amended Complaint by October 15, 2021. ECF No. 18 at 4. When Albin did not file an Amended Complaint by October 15, 2021, the Court dismissed the case for failing to prosecute. ECF No. 19.

On December 1, 2021, Albin filed a document entitled "Motion for Extension of Time to File." ECF No. 22. Then, on December 22, 2021, Albin filed a Motion to Vacate the Court's November 18, 2021 dismissal Order and a Motion for Extension of Time. ECF Nos. 25–26. Albin stated he needed an extension of time to file an Amended Complaint because Covid-19 protocols and lack of staff at the institution at which he is presently

incarcerated, California Health Care Facility ("CHCF"), prevented him from being able to obtain his medical records and access the law library. ECF No. 22 at 2–4. On January 18, 2022, the Court construed Albin's Motion for Extension of Time to File (ECF No. 22) as a Motion for Relief From Judgment pursuant to Rule 60(b), granted the motion, and gave Albin until March 4, 2022 to file an Amended Complaint and to satisfy the filing fee requirement by either paying the civil filing fee or filing a properly supported IFP motion. ECF No. 24. The Court denied Albin's Motion to Vacate and Motion for Extension of Time (ECF Nos. 25–26) as moot on March 1, 2022 because the Court had already granted Albin's motion for relief from judgment and gave him additional time to either pay the civil filing fee or submit a properly support IFP motion. ECF No. 27.

Albin did not file an Amended Complaint by March 4, 2022. Instead, on April 4, 2022, Albin filed a document entitled "Motion Returning Documents/and for Access to the Courts" and an IFP motion. ECF nos. 28–29.[1] On April 15, 2022, the Court denied the IFP motion because Albin had not provided the Court with a certified trust account statement required by 28 U.S.C. § 1915(a)(2). ECF No. 30. The Court explained to Albin, as it had done so before, that his case could not proceed until he had either paid the civil filing fee or qualified to proceed IFP. ECF Nos. 2, 14. Albin was granted a final extension of time to comply with the Court's orders. ECF No. 30.

## II.   Discussion

Albin was given a final extension of time until June 14, 2022 to file an Amended Complaint. ECF No. 30. To date, he has failed to amend, and has not requested another extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that

---

[1] Albin titled the document "Motion Returning Documents" because he was inadvertently sent documents from a different case and seeks to return them to the Court. *See* ECF No. 28 at 1–2, 7–9.

[he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

### III.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's May 10, 2022 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: October 18, 2022

_____
Hon. John A. Houston
United States District Judge